IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANTHONY L. EVANS,<br><br>Plaintiff,<br><br>vs.<br><br>AMIE GARLAND, MONIQUE MILLER, and CHRISTINE KLONECKY,<br><br>Defendants. | CV 23-55-H-DWM<br><br><br>ORDER |

Plaintiff Anthony L. Evans has filed two motions: a renewed motion for a settlement conference and a motion to compel. (Docs. 18 and 20.) Defendants have responded to both. The motion to compel is granted, in part. The motion for a settlement conference is denied.

## I. MOTION TO COMPEL

Evans moves for an order to compel various documents requested on February 24, 2024. (Doc. 18.) Among other requests, Evans requested all emails sent to or from Defendants Garland, Miller, and Klanecky regarding Evans, from dates in 2022 to present; a list of all DOC officials involved in making the decision to transfer Evans to prison in Massachusetts in 2019; and all documents and emails related to that decision. (Doc. 19 at 2.) Defendants responded to Evans' request by

1

providing responses, documents, and a privilege log. (Doc. 19-1.) Many documents are heavily redacted. (*See, e.g., id.* at 10–39.)

Evans provides three grounds for his motion. First, Evans rejects Defendants' assertions of privilege and statutory protection. Evans disputes that Defendants could assert confidentiality of any of these documents based on Montana state—rather than federal—case law. (Doc. 19 at 5.) Evans disagrees with Defendants' application of attorney-client and attorney work product privileges. (*Id.* at 6.) Second, Evans asserts that the redacted emails "contain information that is outside the scope of any privilege" and "has been released to third-parties," and thus is subject to the waiver of privilege. (*Id.* at 7.) Third, Evans claims that Defendants' objections based on the irrelevance of his 2019 transfer to Massachusetts are invalid. (*Id.* at 8.)

Defendants respond that their emails are protected by various privileges and statutes, Plaintiff failed to confer in good faith, he seeks information that is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, and Defendants properly responded to all of Plaintiff's requests for production and interrogatories. (Doc. 25 at 1–2.)

Because Plaintiff has specifically contested the privilege claims on the redacted emails that he attached with his motion (Doc. 19-1), Defendants were

2

directed to file the unredacted emails for in camera review. (Doc. 26.) The unredacted documents were filed under seal. (Doc. 28.)

### 1. Emails

Evans apparently contests only the redactions in the emails he submitted with his motion. (Doc. 18-1 at 2.) His contention that Defendants cannot rely on attorney-client and work product privileges is unavailing. Fed. R. Evid. 501 provides that, "[t]he common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court." In the federal courts, "[t]he attorney–client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

The unredacted documents have been reviewed in camera, and the redactions are proper, except for STATE 0928. (Doc. 19-1 at 10.) That email was produced with the subject line unredacted, thus waiving any claim of privilege on the subject line. *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001). The body of the email says nothing more than, basically, "here are these two documents mentioned in the subject line, and please respond accordingly." The content of that email does not reflect attorney work product. (The Complaint is Evans' work, and

3

the litigation letter would be attorney work product, but it was not produced in a redacted form or submitted to the court.) The email is not "for the purpose of obtaining [or providing] legal advice..." *Id.* It is to provide documents and request an indeterminate response. As such, the contents of that email are not privileged and must be produced.

However, all of the other emails produced for review have been correctly redacted based on either attorney-client or work product privilege, without relying on any state law regarding prohibited disclosures. Defendants will be directed to provide an unredacted copy of STATE 0928 to Evans. They need not, however, reproduce every email in which that section was redacted in a chain of redacted emails.

Evans also asserts that the privilege on these documents has been waived, as they have "been released to third persons." (Doc. 19 at 7.) However, he does not specify the grounds for this assertion, or identify specifically which emails have been released to third persons, and thus has not shifted the burden to Defendants to show why they should not be produced.

**2. 2019 Transfer**

Evans seeks a complete list of all Montana State Prison or Department of Corrections officials involved in the decision to transfer Evans out of state in 2019, and all documents and emails related to that decision. (Doc. 18-1 at 2.) Defendants

4

respond that these requests are not calculated to lead to the discovery of admissible evidence, are irrelevant, and are barred by Evans' settlement agreement in prior litigation. (Doc. 25 at 6 - 7.)

### a. List of officials involved in 2019 decision-making

Evans' Request for Production[1] No. 8 sought "A complete list of all MSP/DOC officials involved in the decisionmaking [sic] process of transferring Mr. Evans out-of-state to Massachusetts in February 2019." Defendants responded: "Objection. This request is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence and implicates privacy and confidentiality concerns. Plaintiff is precluded from raising any challenges regarding his transfer to Massachusetts." (Doc. 25-2 at 3.)

The sole allegation related to Evans' 2019 transfer in his Complaint is that he was determined, in February 2019, to be a "management problem" at Montana State Prison and was transferred as a result. (Doc. 2 at 6.) In his brief in support of his motion to compel, he contends that his transfer "was a contributing factor" in Defendants' current alleged retaliation against him. (Doc. 19 at 4.) To support his entitlement to these documents, he relies, in part, on Fed. R. Evid. 404(b), which

---

[1] This Request for Production is more properly construed as an Interrogatory, since it does not seek the production of documents or things that exist, but rather, asks for an answer that is not presumably already compiled elsewhere in Defendants' possession.

5

allows the admission of evidence of other wrongs or acts only to show "proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident." (Doc. 19 at 9.) He also claims these individuals may have knowledge or information related to retaliation against Evans. (*Id.*)

Defendants respond that Evans signed a General Release and Settlement on December 30, 2021, a copy of which is attached to their brief, releasing the State from any claim related to his custody with the State from September 5, 2001 to that date. (Doc. 25-4.) The release applied to any claim arising during that time, even if currently "unanticipated, unexpected, and unknown." (Doc. 25-4 at 2.)

Between the General Release and the statute of limitations for a 42 U.S.C. § 1983 claim, Evans cannot assert any claim related to his 2019 transfer, or, in fact, anything that occurred at Montana State Prison prior to the date he signed the release. (Doc. 25-4 at 2.) But the release does not otherwise prevent discovery of facts. The question then is whether he is entitled to the list of individuals under the ordinary rules governing discovery. Fed. R. Civ. P. 26(b)(1). Evans' argument regarding Fed. R. Evid. 404 relates to admission of the evidence at trial, not to whether it must be provided in discovery. If he receives any of this discovery, he still must overcome the strictures of Fed. R. Evid. 403 and 404 at trial.

Depending on who was involved in the prior decision, it is not difficult to understand why their knowledge (or identity) could be relevant to Evans' current

6

claim. Defendants otherwise object that this request is "overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence and implicates privacy and confidentiality concerns." (Doc. 25-2 at 3.) The courts must be cognizant of security concerns related to prison operations, but it is not readily apparent why a list of people involved in a decision would "implicate privacy and confidentiality concerns." Nor is it persuasive to claim that this list, which cannot be a list of hundreds, is overly burdensome to create. Defendants will be directed to provide the list to Evans, unless they can provide, with the specificity required by the Rules, a reason why the information cannot be produced. Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B).

### b. Documents related to the 2019 transfer.

Evans' Request for Production 9 sought "Any and all written documents, and emails regarding the decision to transfer Mr. Evans out-of-state to Massachusetts in February 2019." Defendants' response was identical to its response to Request No. 8. "Objection. This request is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence and implicates privacy and confidentiality concerns. Plaintiff is precluded from raising any challenges regarding his transfer to Massachusetts." (Doc. 25-2 at 4.) The privilege log attached to Defendants' response does not appear to refer to these documents.

7

This request for documents poses a more difficult question that the request for a list of individuals. Again, the initial question is whether the documents are relevant, and it is not possible to categorically conclude they are not. The lack of a claim related to 2019 does not mean that information about that occurrence could not be relevant to what has happened in 2023.

Defendants may find the request burdensome, but they have provided no real information about why this is true. What it means to "implicate privacy and confidentiality concerns" is not clear. In other contexts, Defendants have relied on Montana's statutes to resist discovery. These documents may include information about other inmates that is protected. But, based on Defendants' multivarious response, with several reasons not to produce the information, it is impossible to know exactly why these documents are being withheld. There are likely some responsive documents that could be redacted and produced.

Therefore, Defendants will be directed to collect these documents, produce what can be produced, and provide a privilege log specifically related to this response, detailing on what specific grounds any documents are being withheld.

**II. MOTION FOR SETTLEMENT CONFERENCE**

Evans has renewed his motion for a settlement conference and the appointment of a mediator. (Doc. 20.) Again, Defendants do not object to the motion, per se, but suggest that they are not in a position to settle. (Doc. 23 at 2.) If

Defendants are not prepared to discuss settlement, the time is not ripe to hold a court-supported mediation. The parties are welcome to pursue settlement without the assistance of the Court.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to compel is GRANTED in PART and DENIED in PART. Defendants are directed to provide Evans with an unredacted copy of STATE 0928. Defendants must further provide a response to Evans' request for a list of officials involved in the 2019 transfer decision. Finally, Defendants must produce any documents responsive to Evans' Request No. 9, or, if any are withheld, Defendants must produce a detailed privilege log explaining why the documents are withheld.

2. Plaintiff's motion for settlement conference is DENIED, subject to renewal. (Doc. 20.)

3. At all times, Evans must update the Court with any change of address.

DATED this 1ˢᵗ day of July, 2024.

_____
Donald W. Molloy, District Judge
United States District Court