IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANTHONY L. EVANS, <br><br> Plaintiff, <br><br> vs. <br><br> AMIE GARLAND, MONIQUE MILLER, and CHRISTINE KLONECKY, <br><br> Defendants. | CV 23-55-H-DWM <br><br><br> ORDER |

On August 8, 2024, Defendants moved for summary judgment. (Doc. 33.) Evans failed to respond. The Court extended the response deadline sua sponte and advised Evans that he must respond by October 4, 2024. (Doc. 38.) He has failed to do so. Evans' Complaint is dismissed for failure to prosecute.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005). In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

1

the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir. 1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier,* 191 F. 3d 983, 990 (9th Cir. 1999). This case has been pending for over a year, and Defendants have moved for summary judgment. Evans' failure to respond is preventing its timely resolution. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza,* 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Evans refuses to respond to dispositive motions. Evans's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the

2

Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case. Defendants have moved for summary judgment in order to resolve this matter.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Here, the Court provided Evans with extra time, but he has filed nothing in the Court to advise that he intends to take advantage of it, despite being warned that his case would be dismissed. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight.

Accordingly, it is HEREBY ORDERED:

1. Evans' Complaint is DISMISSED for failure to prosecute. The Clerk

3

of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 30th day of October, 2024.

Donald W. Molloy, District Judge
United States District Court